**Gerald Wallace SANFORD, Appellant,**

v.

**TEXAS A & M UNIVERSITY, Et Al., Appellees.**

**No. 09–83–211–CV.**

Court of Appeals of Texas, Beaumont.

Nov. 8, 1984.

Rehearing Denied Nov. 26, 1984.

Joseph R. Steele, Port Arthur, for appellant.

Jim Mattox, Atty. Gen., Susan A. German, Asst. Atty. Gen., Austin, for appellees.

## OPINION

BROOKSHIRE, Justice.

Appeal from summary judgment proceeding arising out of a suit for personal injuries under the Texas Tort Claims Act, *TEX.REV.CIV.STAT.ANN. art. 6252–19* (Vernon 1970 and Supp.1984). Original defendants were Texas A & M University, Texas A & M University Agricultural Re-

search and Extension Center and Katy Pest Control.

Texas A & M University and Texas A & M University Agricultural Research and Extension Center filed a joint motion for summary judgment based on the two-year statute of limitations and the six months notice provision in the Texas Tort Claims Act. Evidence introduced at the summary judgment hearing showed that Appellant was exposed to a strong pesticide while working as a telephone repairman on the premises of Texas A & M University Agricultural Research and Extension Center on or about June 29, 1975. He experienced symptoms from the exposure almost immediately and went to a physician the next morning. The physician dismissed the exposure as the cause and diagnosed Appellant's condition as bursitis. Appellant was in and out of hospitals several times during the period between June, 1975, and September, 1980, complaining of fainting spells and dizziness. Two physicians he consulted dismissed the pesticide exposure as cause of his symptoms.

In September, 1980, Appellant consulted with Dr. Sam Copeland for kidney trouble. He related the pesticide exposure to Dr. Copeland. In October, 1980, Dr. Copeland informed Appellant that his symptoms were consistent with exposure to the pesticide. Prior to this time, none of the numerous physicians Appellant had consulted told him that his medical problems were related to the June, 1975, exposure.

After depositions of Appellant and the custodian of the medical records of Dr. Copeland, then deceased, were proffered at the hearing, the trial court granted the motion for summary judgment. Appellant timely moved for a new trial and for a nonsuit against Katy Pest Control. The nonsuit was granted and the new trial was overruled. Appeal has been perfected to this court.

Appellant contends on appeal that the discovery rule applies in cases brought under the Texas Tort Claims Act for both the two-year statute of limitations and the six-month notice provision. The discovery rule, over time, has ameliorated certain classes of personal injury cases from the injustice of the inflexible doctrine that a cause of action accrues when the wrongful act complained of was actually committed. The rule, developed by case law, holds that the statute of limitations will not commence to run against an injured party until he knew, or in the exercise of reasonable care should have known, that he had a cause of action. *See e.g. Weaver v. Witt,* 552 S.W.2d 565 (Tex.Civ.App.—Houston [14th Dist.]), writ ref'd n.r.e. per curiam, 561 S.W.2d 792 (Tex.1977) (negligent surgical operation); *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967), (negligent leaving of foreign object in patient's body); *Conerly v. Morris,* 575 S.W.2d 633 (Tex.Civ.App. —Houston [1st Dist.] 1978, writ ref'd n.r. e.), (negligent treatment).

■■■ Appellant argues that the trial court erred in ruling that the discovery rule does not apply to cases brought under the Texas Tort Claims Act. The Texas Tort Claims Act was passed, in part, to remedy the harsh inequities resulting from the doctrine of sovereign immunity. The Act provides, in part:

"Sec. 16. Except where there is actual notice on the part of the governmental unit that death has occurred or that the claimant has received some injury or that property of the claimant has been damaged, any person making a claim hereunder shall give notice of the same to the governmental unit against which such claim is made ... within six months from the date of the incident...."

The wording of this statute is clear. The statute mandates claimant to give notice to the governmental unit within six months from the date of the incident unless there is actual notice on the part of the governmental unit. In *Harris County v. Dowlearn,* 489 S.W.2d 140, 146 (Tex.Civ.App.— Houston [14th Dist.] 1972, writ ref'd n.r.e.), we find:

"... The Act itself provides for the notice requirements, and sec. 16 of the Act is clearly intended to be an exclusive notice requirement for purposes of bringing suit under the Act. The express mention or enumeration of one thing,

consequence or class is equal to an express exclusion of all others. 53 Tex. Jur.2d Statutes sec. 142 (1964). Moreover, the Act contains a repealer clause which repeals all laws in conflict with Art. 6252–19 to the extent of such conflict. (sec. 20)...."

Appellant did not meet this mandatory provision. The record shows that there was no actual notice on the part of Appellees, nor was there notice given to Appellees within the six-month time period.

We find 1) that, excepting actual notice to the governmental unit, a person making a claim under the Texas Tort Claims Act must do so within six months from the date of the incident; 2) *section 16* of the Act is the exclusive notice requirement for prosecuting a suit under the Act; and 3) *section 20* of the Act repeals all laws or parts of law in conflict with the Act. In the instant case the date of the incident was on or about June 29, 1975. We find no evidence that a notice of claim for injury was given within six months from that date. We hold that the discovery rule is not applicable to the instant cause of action brought pursuant to the Texas Tort Claims Act because of its plain, mandatory and compelling wording. For reasons stated, we do not reach Appellant's other points of error.

The judgment of the trial court is affirmed.

AFFIRMED.