Lallie STREETMAN, Individually and as Executrix of the Estate of Henry S. Streetman, Deceased; Doris Marie Warncke; John Henry Streetman; Jesse Stevenson Streetman; and Johnny Wayne Streetman, Appellants,

v.

The UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO, Appellee.

No. 04–96–00831–CV.

Court of Appeals of Texas, San Antonio.

July 23, 1997.

Rehearing Overruled Aug. 26, 1997.

Carol P. Lomax, Branton & Hall, P.C., San Antonio, for appellants.

Nelly R. Herrera, Assistant Attorney General, Tort Litigation Division, Austin, for appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

This is an appeal from the granting of summary judgment in a medical malpractice suit. In two points of error, appellants contend that the trial court erred in granting summary judgment because they had provided timely notice to the University of Texas Health Science Center at San Antonio (UTHSC) pursuant to the Texas Tort Claims Act (TTCA), TEX. CIV. PRAC. & REM.CODE ANN. § 101.101. We affirm the judgment of the trial court.

### Facts

The underlying suit originally involved two defendants—the current appellee and Dr. Vung D. Nguyen, who appealed separately. The following recitation of the facts is substantially the same as we stated in *Streetman v. Nguyen*, 943 S.W.2d 168, 169–70 (Tex. App.—San Antonio 1997, writ denied). Henry Streetman died of cancer in January 1995. Prior to being diagnosed with cancer, Streetman had a history of chronic obstructive lung disease. He visited a veteran's hospital, which UTHSC staffed with radiologists, approximately twenty times over the course of five years. During that time, Streetman had at least two chest X-rays. One of these X-rays was taken on March 31, 1992 and interpreted by Dr. Nguyen. Streetman's medical records indicate that the X-ray revealed no

change from a previous X-ray taken in June of 1987.

In October of 1993, Streetman was diagnosed with lung cancer. Approximately one year later, in September of 1994, a CAT scan revealed that the cancer had spread to Streetman's spine. Streetman hired an attorney, who began investigating a potential medical malpractice claim on his behalf and sent notice in October 1994 to UTHSC concerning the potential suit.

In January of 1995, Streetman's attorney received a report from Dr. Martin Flamm. Based upon a review of a portion of Streetman's medical records, Dr. Flamm concluded that the March 1992 X-ray had been negligently read. In May of 1995, after Henry Streetman had died, his family members brought the present lawsuit against Dr. Nguyen and UTHSC.

Both defendants moved for summary judgment. Nguyen's motion was granted and then severed from the rest of the case. UTHSC's motion was granted on the grounds that appellants did not provide timely notice to UTHSC under the TTCA and UTHSC did not have actual knowledge of the claims. Appellants appealed from both judgments separately. The current appeal only involves UTHSC.

### Discussion

In two points of error, appellants contend that they could not provide timely notice to UTHSC since Streetman was not diagnosed with metastatic cancer until September of 1994. They argue they provided notice within the six month time limit after Streetman discovered the possibility that the cancer could have been detected in March of 1992. Appellants do not contest the court's finding that UTHSC did not have actual notice.

### Standard of Review

We review a summary judgment de novo. To prevail on summary judgment, the movant must show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995); *Nixon v. Mr. Property Man-*

*agement, Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). In determining whether a material fact issue exists, the court considers all evidence favorable to the nonmovant as true. *Cathey,* 900 S.W.2d at 341; *Nixon,* 690 S.W.2d at 548–49. If the defendant moves for summary judgment, he must negate at least one element of the plaintiff's cause of action or conclusively establish an affirmative defense. *Cathey,* 900 S.W.2d at 341.

### Notice

■ Sovereign immunity to suit against a governmental unit has been waived in limited circumstances by the TTCA. TEX. CIV. PRAC. & REM.CODE ANN. § 101.025 (Vernon 1997). One of the limitations is contained in section 101.101, which, in pertinent part, states:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred....

*Id.* § 101.101(a). Failure to timely provide notice, absent actual notice on the part of the governmental unit, bars the claimant's action. *Cox v. Klug,* 855 S.W.2d 276, 278 (Tex.App.— Amarillo 1993, no writ); *Reese v. Texas State Dep't of Highways & Pub. Transp.,* 831 S.W.2d 529, 531 (Tex.App.—Tyler 1992, writ denied). It is undisputed that UTHSC is a governmental unit under the TTCA, *see Whitehead v. University of Tex. Health Science Ctr. at San Antonio,* 854 S.W.2d 175, 180 (Tex.App.—San Antonio 1993, no writ), and appellants did not notify UTHSC of its claim until October 1994, over two years after the date appellants claim Streetman was negligently misdiagnosed. The issue in this case is whether the discovery rule applies to the notice provision in the TTCA, that is, whether the six month time limit in section 101.101(a) runs from the date the X-ray was allegedly misinterpreted—March 31, 1992—or from the date it was discovered that Streetman had metastatic lung cancer, creating the suspicion that his X-rays may have been misdiagnosed—September 1994.

■ The purpose of the notice provision is to ensure a prompt reporting of claims to enable the governmental unit to investigate the merits of a claim while the facts are fresh and conditions remain substantially the same. *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981); *University of Tex. Medical Branch at Galveston v. Greenhouse,* 889 S.W.2d 427, 429 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (op. on reh'g). "Such opportunity to investigate, predicated upon timely reporting of claim of injury, enables the [governmental unit] to gather the information needed to guard against unfounded claims, settle claims and prepare for trial." *Torres,* 621 S.W.2d at 591; *see Putthoff v. Ancrum,* 934 S.W.2d 164, 173–74 (Tex.App.—Fort Worth 1996, writ denied).

Three courts of appeals have dealt directly with this issue and have held that the discovery rule does not apply to the TTCA notice requirements. *See Putthoff,* 934 S.W.2d at 174; *Greenhouse,* 889 S.W.2d at 432; *Sanford v. Texas A & M Univ.,* 680 S.W.2d 650, 652 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.). The *Putthoff* and *Sanford* courts based their decisions on the "plain, mandatory and compelling wording" of the statute, emphasizing the statute's clear mandate to give notice within six months of the incident in question. *Putthoff,* 934 S.W.2d at 174; *Sanford,* 680 S.W.2d at 652. In *Greenhouse,* the First Court of Appeals reasoned:

> The Texas Supreme Court has said of the Act, "Once a plaintiff invokes the procedural devices of the Texas Tort Claims Act, to bring a cause of action against the State, then he is also bound by the limitations and remedies provided in the statute." Greenhouse, by bringing a claim against [the University of Texas Medical Branch] under the Act, is bound by the limitations of the Act, including the notice provision.

> It is clear from the facts of this case that Greenhouse was incapable of complying with the notice requirements because neither she nor UTMB learned of her injury within the six-month time frame. While we believe it is remarkably unfair to deprive Greenhouse of her right of recourse against UTMB because she was unable, through no fault of her own, to comply with the notice requirements, we must agree with UTMB that the trial court

erred in applying the discovery rule. We reluctantly sustain point of error two.... *Greenhouse,* 889 S.W.2d at 431–32 (citation omitted).

■ We agree with the reasoning underlying these cases and apply them here. Although we, like the First Court of Appeals, believe the result is unfair, we must note that appellants' cause of action exists solely by virtue of the TTCA, which waives sovereign immunity under certain circumstances; but for the statute, the doctrine of sovereign immunity would have prohibited this suit. *See University of Tex. Medical Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex. 1994); *Greenhouse,* 889 S.W.2d at 431. Being bound by the procedural devices in the statute, appellants must strictly comply with the notice provision. *See State Dep't of Highways & Pub. Transp. v. Dopyera,* 834 S.W.2d 50, 54 (Tex.), *cert. denied,* 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992). Despite the effect on appellants' special situation, we have no alternative but to defer to the legislature for any statutory changes designed to permit the application of the discovery rule. Because we find the discovery rule does not apply to the TTCA notice provision, we overrule appellants' points of error. The trial court's judgment is affirmed.