NO. 07-10-00186-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JANUARY
21, 2011

 



 

TAMARA TIMMONS, APPELLANT

 

v.

 

UNIVERSITY MEDICAL CENTER

AND JOHN P. THOMAS, M.D., APPELLEES 



 



 

 FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-547,219; HONORABLE RUBEN GONZALES REYES, JUDGE



 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

OPINION

 

Tamara Timmons appeals from the trial
court’s order granting University Medical Center’s plea to the
jurisdiction.  We will affirm.

Factual and Procedural History

            On
February 16, 2007, Timmons underwent surgery at University Medical Center (UMC)
to repair a hernia.  Dr. John P. Thomas,
M.D., performed this surgery.  It was
during this procedure that a sponge or other packing material was left inside
Timmons’s abdomen.  She, of course, was
unaware of that fact initially.

            The
surgical wound from this procedure caused health problems for Timmons,
prompting her to make multiple visits to the doctor and undergo measures to alleviate
the problems.  On August 23, 2007,
Timmons again sought medical treatment of the wound.  During that visit, Dr. Thomas noted that
there was a foul smell and brownish discharge from the wound and scheduled
Timmons for a debridement procedure to clean it.  During this debridement procedure, on August
31, Dr. Thomas discovered and removed the surgical material that had been left
inside her abdomen.  More than six months
elapsed between the initial surgery in which the material was left and the
procedure in which the material was discovered.

            Timmons
brought suit on August 17, 2009,[1]
against UMC and Dr. Thomas.  UMC filed a
plea to the jurisdiction, and the trial court granted it.  Timmons timely appealed the trial court’s
order and raises three issues on appeal. 
First, she contends the trial court erred in granting UMC’s plea to the
jurisdiction because UMC waived governmental immunity by use of tangible
personal property.[2]  In her second issue, she contends that the
statute of limitations applicable to healthcare liability claims effectively
“trumps” the notice of claim provision applicable to claims against a
governmental unit.  Finally, even if the
notice of claim provision does apply to her claim, she contends that the nature
of the injury at issue here calls for special consideration and that
application of the notice provision denied her access to the courts to redress
her injury.

            Essentially,
we are called on to decide whether the fact that Timmons did not give UMC
notice of her claim within six months of the procedure at issue deprived the
trial court of subject matter jurisdiction over her claim against UMC.  We will conclude that it does and affirm the
trial court’s order.

Standard of Review

            This
case comes before this Court as an interlocutory appeal from the trial court’s
order granting UMC’s plea to the jurisdiction. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008).  A
plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for
want of subject matter jurisdiction.  Harris
County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Univ. Med. Ctr. v.
Harris, 302 S.W.3d 456, 459 (Tex.App.—Amarillo
2009, pet. denied).  Because the
existence of jurisdiction presents a question of law, we review de novo the
trial court’s ruling on a plea to the jurisdiction.  Houston Mun. Emps. Pension Sys. v. Ferrell, 248
S.W.3d 151, 156 (Tex. 2007).

Applicable Law

Sovereign Immunity and Waiver
Generally

            Sovereign
immunity from suit deprives a trial court of subject matter jurisdiction.  See Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex.
2004).  In the absence of a waiver,
governmental entities, like UMC, generally are immune from suits for
damages.  Univ. of Tex. Sw. Med. Ctr.
v. Estate of Arancibia, 324 S.W.3d 544, 2010 Tex.
LEXIS 792, at *2 (Tex. Oct. 22, 2010). 
The State and its divisions are immune from suit and liability in Texas
unless the Legislature expressly waives sovereign immunity.  State v. Lueck, 290 S.W.3d 876, 880 (Tex. 2009).  See Tex.
Gov’t Code Ann. § 311.034 (West Supp. 2010)
(providing that “a statute shall not be construed as a waiver of sovereign
immunity unless the waiver is effected by clear and unambiguous
language”).  The Texas Tort Claims Act
(TTCA) expressly waives sovereign immunity in limited circumstances.  See Tex.
Civ. Prac. &  Rem. Code Ann. § 101.021; Miranda,
133 S.W.3d at 225; Harris, 302 S.W.3d at 458.  The relevant circumstance here involves
“personal injury and death so caused by a condition or use of tangible personal
or real property.”  Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(2).

Provisions at Issue

            When
a claimant brings suit against a governmental unit, the TTCA requires that a
governmental unit receive notice of a claim as follows:

A governmental unit is entitled to receive notice of a claim against it
under this chapter not later than six months after the day that the incident
giving rise to the claim occurred. The notice must
reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a) (West 2005).  The Texas Code Construction Act makes section
101.101 jurisdictional: “Statutory prerequisites to a suit, including the
provision of notice, are jurisdictional requirements in all suits against a
governmental entity.”  Tex. Gov’t Code Ann. § 311.034.  See Colquitt v. Brazoria County,
324 S.W.3d 539, 2010 Tex. LEXIS 691, at *8 (Tex. Oct. 1, 2010) (examining
sections 311.034 and 101.101 generally and concluding, inter alia, the notice requirement found in TTCA section 101.101 is
a statutory prerequisite to the government’s waiver of immunity and is
jurisdictional); see also Estate of Arancibia,
324 S.W.3d 544, 2010 Tex. LEXIS 792, at *3.

            When
bringing a healthcare liability claim, a claimant must abide by the following
statute of limitations found in the Texas Medical Liability Act (TMLA):

Notwithstanding any other law and subject to Subsection (b), no health
care liability claim may be commenced unless the action is filed within two
years from the occurrence of the breach or tort or from the date the medical or
health care treatment that is the subject of the claim or the hospitalization
for which the claim is made is completed; provided that, minors under the age
of 12 years shall have until their 14th birthday in which to file, or have
filed on their behalf, the claim.  Except as herein provided this section applies to all persons
regardless of minority or other legal disability.

Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (West 2005).

            Of
course, Timmons’s claim falls within both of these categories being a
healthcare liability claim against a governmental unit.  Timmons maintains that she is subject to two
conflicting timing issues: section 101.101’s notice of claim requirement and
section 74.251’s statute of limitations.[3]  In light of this conflict, she contends,
section 74.251 should govern, allowing her to proceed with her suit against UMC
so long as she did so in accordance with section 74.251’s limitations
period.  UMC sees no conflict between the
two provisions.  It maintains that she
was subject to both provisions and that, because, theoretically, she could have
complied with both, there is no conflict. 
Because it is undisputed that Timmons failed to give notice within six
months of the alleged breach, UMC maintains, the trial court properly granted
its plea to the jurisdiction.

Analysis

            We
first address Timmons’s second point of error challenging the trial court’s
order on the basis that section 101.101 does not apply to her claim because it
was trumped by section 74.251.  Timmons
concedes that she did not give written notice of her claim within six months of
the alleged breach and does not contend that UMC had actual notice of her
claim.  

Whether Section 101.101 Applies to
the Instant Case

            Timmons
contends that, because section 101.101 and section 74.251 conflict with one
another, section 74.251’s two-year statute of limitations would apply, section
101.101’s notice provision would not, and the trial court erred by granting
UMC’s plea to the jurisdiction on the basis that Timmons failed to give notice
per section 101.101.  Specifically, she
points to the “[n]otwithstanding any other law”
language of section 74.251 to support her contention that section 101.101 does
not apply to her claim.

            The
Texas Supreme Court explored the import of this “notwithstanding” phrase in Chilkewitz v. Hyson, 22 S.W.3d 825, 829–30
(Tex. 1999).[4]  In Chilkewitz,
the issue before the Texas Supreme Court was whether section 74.251’s
predecessor, which used the same “notwithstanding any other law” language,
foreclosed application of Texas Rule of Civil Procedure 28, which permits a
party to sue or be sued in an assumed name. 
In analyzing the issue, the court gave a concise summary of cases in
which “any other law” was found to have conflicted with the healthcare
liability statute of limitations.  Id. at 830.  It
clarified the conclusion to be drawn from those cases, providing us with
guidance as to what “any other law” encompasses:

But in all the foregoing cases, the issue was either when limitations
began to run or whether limitations could be tolled or interrupted.  Rule 28 concerns none of those issues.  That procedural rule simply provides that if
an entity conducts business under an assumed name or common name, it may be
sued in that name.  See Tex. R. Civ. P. 28.  Limitations is not
tolled.  Rule 28 is not ‘any other law’
within the meaning of [former] section 10.01.

Chilkewitz, 22 S.W.3d at 830.  So, from Chilkewitz,
we understand “any other law” to mean any other law that impacts the timing or
operation of section 74.251.  For
instance, in Bala v. Maxwell, 909
S.W.2d 889, 892 (Tex. 1995), at issue were two statute of limitations, one
governing wrongful death actions and the other being section 74.251’s
predecessor governing healthcare liability claims.  When, in a wrongful death action based on
medical negligence, there arose a question as to when the limitations period
began—from the date of death or the
date of the alleged breach—the Texas
Supreme Court cited the “notwithstanding any other law” language and concluded
that section 74.251’s predecessor governed, meaning that the limitations period
commenced on the date of the alleged breach. 
Id. at 892–93.

            Here,
section 101.101 does not directly impact when section 74.251 begins to
run.  Nor does section 101.101 operate in
such a way as to somehow toll, interrupt, or extend the limitations period in
section 74.251.  Thus, under Chilkewitz’s reasoning, the two provisions do not
conflict with one another.  22 S.W.3d at 830.

            We
add that the natures of section 101.101 and section 74.251 are also
distinct.  The purpose of notice under
section 101.101 is “to ensure prompt reporting of claims in order to enable
governmental units to gather information necessary to guard against unfounded
claims, settle claims, and prepare for trial.” Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995).  See
Turnbow v Collingsworth County, 303
S.W.3d 353, 354 (Tex.App.—Amarillo 2009, no pet.); Howlett v. Tarrant County, 301 S.W.3d 840,
846 (Tex.App.—Fort Worth 2009, pet. filed).  Section 101.101 is a jurisdictional
prerequisite to suit, and the failure to satisfy its notice requirement
deprives the trial court of subject matter jurisdiction over the matter.  See Tex.
Gov’t Code
Ann. § 311.034.  Subject matter jurisdiction is a power that
exists solely by the operation of law and cannot be conferred on a court by
consent or waiver.  Univ.
of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d
351, 358 (Tex. 2004).  Further, a
court is obliged to consider the existence of subject matter jurisdiction
regardless of whether the parties have questioned it.  Id.

            Section
74.251 is a statute of limitations, the effect of which is quite
different.  It is in the nature of an
affirmative defense and, unlike the six-month notice period at issue in the
instant case, does not deprive the trial court of jurisdiction over the
matter.  See Tex. R. Civ. P. 94.  When a plaintiff fails to bring suit within
the limitations period, the claim still exists, but, unless the affirmative
defense of limitations is waived, the claim may no longer be brought by the
plaintiff.  Gomez v.
Pasadena Health Care Mgmt., Inc., 246 S.W.3d 306, 316 (Tex.App.—Houston
[14th Dist.] 2008, no pet.).

            After
having examined the two statutes at issue in light of the reasoning in Chilkewitz, we conclude that sections 101.101 and
74.251 do not stand in conflict with one another.  Section 101.101 does not operate in such a
way as to commence, extend, toll, or interrupt the limitations period provided
in section 74.251(a).  Both provisions
may, and often do, operate independently of one another in such actions.  That said, section 74.251 does not trump
section 101.101, and section 101.101’s notice of claim requirement was
applicable to the instant case.[5]

Open Courts Provision and Discovery
Rule

            We
now examine the impact of section 101.101’s application to Timmons’s claim in
light of her third and final point of error suggesting that a case presenting a
retained object should garner special consideration because an injury resulting
from such a case is inherently difficult to discover in a time frame that would
allow a claimant to satisfy section 101.101’s notice requirement.  Again, all parties agree that Timmons did not
give written notice within six months of the alleged breach.  Timmons maintains that she is excused from
compliance with section 101.101’s notice requirement due to the nature of the
injury she sustained.  She urges that the
Open Courts Provision of the Texas Constitution[6]
guarantees her access to the courts in this situation.  This situation, her argument goes, presents
special considerations because it is a retained object case.  By its very nature, she maintains, discovery
of this type of injury is difficult and often delayed, and the situation does
not occur in the absence of negligence. 
And her position on this particular point is not without recent
authority to support it.  See Walters
v. Cleveland Reg’l Med. Ctr., 307
S.W.3d 292, 298–99 (Tex. 2010).

Open Courts Provision

            In
deciding one of two foreign object cases, the Texas Supreme Court concluded
that, in such fact-specific cases, the Texas Open Courts provision barred the
application of the two-year statute of limitations when the patient discovered
the sponge nine and a half years after the procedure at issue and brought suit
within the ten-year statute of repose.  See
Walters, 307 S.W.3d at 294–96.  The court concluded that “[t]he Texas
Constitution grants foreign object claimants a reasonable opportunity to
discover their injuries and file suit, even if the two-year limitations period
has run (though not, as in today’s companion case, if the ten-year repose period has run).”  Id. at 294.  (emphasis in
original).

            Of
course, Timmons’s contention is somewhat distinguishable from that presented in
Walters in that she contends the Open Courts provision bars application
of the six-month notice provision rather than the statute of limitations.  Nonetheless, it is a contention that we may
not reach because Timmons did not raise this Open Courts issue in the trial
court, and, therefore, has not preserved the issue for our review.[7]  See Sw. Elec. Power Co. v. Grant,
73 S.W.3d 211, 222 (Tex. 2002); Tejada v.
Rowe, 207 S.W.3d 920, 925 (Tex.App.—Beaumont
2006, pet. filed).

Discovery Rule

            Reading
Timmons’s argument liberally, we have considered the issue of whether the
discovery rule should be applied in the instant case.  Generally, the discovery rule holds that the
statute of limitations does not commence against an injured party until he or
she knew or, in the exercise of reasonable care, should have known of the
injury.  See Sanford v. Tex.
A&M Univ., 680 S.W.2d 650, 651 (Tex.App.—Beaumont
1984, writ ref’d n.r.e)

            In
deciding whether the discovery rule should be applied to section 101.101’s
notice provision, we join several of our sister courts in concluding that it
should not.  See Streetman v.
Univ. of Tex. Health Sci. Ctr. at San Antonio, 952 S.W.2d 53, 55–56 (Tex.App.—San Antonio 1997, writ denied); Putthoff, 934 S.W.2d at 174; Greenhouse, 889
S.W.2d at 431–32; Sanford, 680 S.W.2d at 652; see also Martinez
v. Val Verde County Hosp. Dist., 140 S.W.3d 370, 371 (Tex. 2004)
(demonstrating the strictness with which section 101.101 has been applied by
concluding that patient’s minority did not toll the notice period of section
101.101).  The “plain, mandatory[,]
and compelling wording” of section 101.101 precludes operation of a discovery
rule to its notice requirement.  Sanford,
680 S.W.2d at 652.  
We also join our sister courts’ recognition that the operation of section
101.101 on these facts appears harsh and unfair.  See Streetman, 952 S.W.2d at 56; Greenhouse, 889 S.W.2d at 432.  We add, though, that once a claimant invokes
the procedural devices of the TTCA that would permit a suit against the State,
he or she is bound by its limitations and restrictions.  See Greenhouse, 889 S.W.2d at 431–32. 
And we also acknowledge that the same statutory scheme that deprives the
trial court of jurisdiction over Timmons’s claim here is the very scheme that
makes such an action against a branch of the State possible.  See Streetman, 952 S.W.2d at 56; Greenhouse, 889 S.W.2d at 431.  Taking guidance from the Texas Supreme Court,
we must remain mindful that “[t]he fairness or wisdom of the waiver is not our
province to decide.”  Martinez, 140 S.W.3d at 372.

            Section
101.101’s requirement that Timmons give notice of her claim within six months
of the alleged breach applies to Timmons’s claim, and her failure to comply
with said requirement is not excused by application of the Open Courts
Provision or an extension of the discovery rule to section 101.101’s notice
requirement.  The failure to give notice
pursuant to section 101.101 deprived the trial court of subject matter
jurisdiction over Timmons’s claim against UMC. 
The trial court did not err by granting UMC’s plea to the jurisdiction
on this basis.[8]    

Conclusion

            Having
overruled Timmons’s issues, we affirm the trial court’s order granting UMC’s
plea to the jurisdiction.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

 











[1]
Initially, there appeared to be some
disagreement as to whether she timely brought suit in accordance with the relevant
statute of limitations.  However, on
appeal, the parties do not raise this issue.

 





[2]
See
Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(2) (West 2005).  





[3]
We refer to the relevant sections by their
respective number with the understanding that, although both sections are found
in the Texas Civil Practice and Remedies Code, section 101.101 is a Texas Tort
Claims Act provision and section 74.251 is the applicable statute of
limitations in the Texas Medical Liability Act.





[4]
We anticipate further guidance from the Texas
Supreme Court on the import of section 74.251’s “notwithstanding any other law”
language in Molinet v. Kimbrell,
No. 09-0544 (submitted by oral argument on Oct. 13, 2010).  In Molinet,
the Texas Supreme Court is called upon to review the San Antonio court’s decision
that section 33.004(e) of the Texas Civil Practice and Remedies Code operated
in such a way as to expand the limitations period of section 74.251 and, in
doing so, conflicted with section 74.251. 
See Kimbrell v. Molinet, 288 S.W.3d 464, 466–68 (Tex.App.—San
Antonio 2008, pet. granted).  The San
Antonio court concluded that the two sections did conflict with one another and
that section 33.004(e), therefore, was trumped by section 74.251 and unavailable
to join responsible third parties on those facts.  The Texas Supreme Court is now considering
the issues raised in that case.





[5]
We note that Dr. Thomas might enjoy immunity if
UMC is immune from suit based on lack of notice required by section
101.101.  See Putthoff
v. Ancrum, 934 S.W.2d 164, 174 (Tex.App.—Fort Worth 1996, writ denied) (observing that “when
a governmental entity maintains its immunity through the failure of a plaintiff
to give notice as required by section 101.101, the individual employees are
also immunized from any further liability from the plaintiff's actions based on
the lack of notice”).





[6]
The Texas Constitution’s Open Courts guarantee
provides that “[a]ll courts shall be open, and every
person for an injury done him, in his lands, goods, person or reputation, shall
have remedy by due course of law.”  Tex. Const. art. I, §
13.  “This provision assures that
a person bringing a well-established common-law cause of action will not suffer
unreasonable or arbitrary denial of access to the courts.”  Yancy v.
United Surgical Patners Int’l, Inc., 236 S.W.3d
778, 784 (Tex. 2007) (quoting Morrison v. Chan, 699 S.W.2d 205, 207
(Tex. 1985), for its observation that the Open Courts guarantee “is premised on
the notion that ‘the Legislature has no power to make a remedy by due course of
law contingent on an impossible condition’”). See Tinkle v. Henderson,
730 S.W.2d 163, 167 (Tex.App.—Tyler 1987, writ ref’d) (concluding that to require an incapacitated
plaintiff to comply with the TTCA’s notice provision would “require an
impossible thing” and violate the due process guarantees of the Texas Constitution).

 





[7] In the interest of justice, we note
the questionable viability of an Open Courts challenge in the instant case,
brought against a branch of the government, even if it had been preserved for
our review.  Proof of an Open Courts
violation requires two elements: (1) a cognizable, common-law claim that is
statutorily restricted, and (2) the restriction is
unreasonable or arbitrary when balanced against the statute’s purpose and
basis.  Yancy,
236 S.W.3d at 783. 
Timmons’s cause of action against UMC is a purely statutory one.  Were it not for the TTCA, sovereign immunity
would shield UMC from such an action at common law.  See Gomez,
246 S.W.3d at 313–14; Univ. of Tex. Med. Branch v. Greenhouse, 889
S.W.2d 427, 431 (Tex.App.—Houston [1st Dist.] 1994,
writ denied).  That said, Timmons would likely have failed to satisfy the first
element of an Open Courts challenge.  See
Yancy, 236 S.W.3d at 783;
Greenhouse, 889 S.W.2d at 431.





[8]
Having concluded that the failure to provide
notice provides a proper basis for the trial court’s order granting UMC’s plea
to the jurisdiction, we need not address Timmons’s point of error regarding the
use of tangible personal property as it relates to the retained packing
material or sponge.  Though likely of
little solace, her contentions on this issue appear consistent with our opinion
in Harris, 302 S.W.3d at 461. 
Nonetheless, having concluded that her failure—albeit nearly inevitable on these facts—to provide UMC with timely written notice of her claim
deprived the trial court of jurisdiction over her claim, we need not address
this issue to dispose of the case before us. 
See Tex. R. App. P.
47.1.