NO. 07-10-00186-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 21, 2011

_____


TAMARA TIMMONS, APPELLANT

v.

UNIVERSITY MEDICAL CENTER
AND JOHN P. THOMAS, M.D., APPELLEES

_____


FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-547,219; HONORABLE RUBEN GONZALES REYES, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**OPINION**

Tamara Timmons appeals from the trial court's order granting University Medical Center's plea to the jurisdiction. We will affirm.


Factual and Procedural History


On February 16, 2007, Timmons underwent surgery at University Medical Center (UMC) to repair a hernia. Dr. John P. Thomas, M.D., performed this surgery. It was during this procedure that a sponge or other packing material was left inside Timmons's abdomen. She, of course, was unaware of that fact initially.

The surgical wound from this procedure caused health problems for Timmons, prompting her to make multiple visits to the doctor and undergo measures to alleviate the problems. On August 23, 2007, Timmons again sought medical treatment of the wound. During that visit, Dr. Thomas noted that there was a foul smell and brownish discharge from the wound and scheduled Timmons for a debridement procedure to clean it. During this debridement procedure, on August 31, Dr. Thomas discovered and removed the surgical material that had been left inside her abdomen. More than six months elapsed between the initial surgery in which the material was left and the procedure in which the material was discovered.

Timmons brought suit on August 17, 2009,[1] against UMC and Dr. Thomas. UMC filed a plea to the jurisdiction, and the trial court granted it. Timmons timely appealed the trial court's order and raises three issues on appeal. First, she contends the trial court erred in granting UMC's plea to the jurisdiction because UMC waived governmental immunity by use of tangible personal property.[2] In her second issue, she contends that the statute of limitations applicable to healthcare liability claims effectively "trumps" the notice of claim provision applicable to claims against a governmental unit. Finally, even if the notice of claim provision does apply to her claim, she contends that the nature of the injury at issue here calls for special consideration and that application of the notice provision denied her access to the courts to redress her injury.

---

[1] Initially, there appeared to be some disagreement as to whether she timely brought suit in accordance with the relevant statute of limitations. However, on appeal, the parties do not raise this issue.

[2] See TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2005).

2

Essentially, we are called on to decide whether the fact that Timmons did not give UMC notice of her claim within six months of the procedure at issue deprived the trial court of subject matter jurisdiction over her claim against UMC. We will conclude that it does and affirm the trial court's order.

## Standard of Review

This case comes before this Court as an interlocutory appeal from the trial court's order granting UMC's plea to the jurisdiction. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for want of subject matter jurisdiction. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Univ. Med. Ctr. v. Harris, 302 S.W.3d 456, 459 (Tex.App.—Amarillo 2009, pet. denied). Because the existence of jurisdiction presents a question of law, we review de novo the trial court's ruling on a plea to the jurisdiction. Houston Mun. Emps. Pension Sys. v. Ferrell, 248 S.W.3d 151, 156 (Tex. 2007).

## Applicable Law

### Sovereign Immunity and Waiver Generally

Sovereign immunity from suit deprives a trial court of subject matter jurisdiction. See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). In the absence of a waiver, governmental entities, like UMC, generally are immune from suits for damages. Univ. of Tex. Sw. Med. Ctr. v. Estate of Arancibia, 324 S.W.3d 544, 2010 Tex. LEXIS 792, at *2 (Tex. Oct. 22, 2010). The State and its divisions are immune from suit and liability in Texas unless the Legislature expressly waives sovereign

3

immunity. <u>State v. Lueck</u>, 290 S.W.3d 876, 880 (Tex. 2009). <u>See</u> TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010) (providing that "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language"). The Texas Tort Claims Act (TTCA) expressly waives sovereign immunity in limited circumstances. <u>See</u> TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; <u>Miranda</u>, 133 S.W.3d at 225; <u>Harris</u>, 302 S.W.3d at 458. The relevant circumstance here involves "personal injury and death so caused by a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

<u>Provisions at Issue</u>

When a claimant brings suit against a governmental unit, the TTCA requires that a governmental unit receive notice of a claim as follows:

> A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
> (1) the damage or injury claimed;
>
> (2) the time and place of the incident; and
>
> (3) the incident.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West 2005). The Texas Code Construction Act makes section 101.101 jurisdictional: "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. <u>See</u> <u>Colquitt v. Brazoria County</u>, 324 S.W.3d 539, 2010 Tex. LEXIS 691, at *8 (Tex. Oct. 1, 2010) (examining sections 311.034 and 101.101 generally and concluding, *inter alia*, the notice

4

requirement found in TTCA section 101.101 is a statutory prerequisite to the government's waiver of immunity and is jurisdictional); see also Estate of Arancibia, 324 S.W.3d 544, 2010 Tex. LEXIS 792, at *3.

When bringing a healthcare liability claim, a claimant must abide by the following statute of limitations found in the Texas Medical Liability Act (TMLA):

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2005).

Of course, Timmons's claim falls within both of these categories being a healthcare liability claim against a governmental unit. Timmons maintains that she is subject to two conflicting timing issues: section 101.101's notice of claim requirement and section 74.251's statute of limitations.[3] In light of this conflict, she contends, section 74.251 should govern, allowing her to proceed with her suit against UMC so long as she did so in accordance with section 74.251's limitations period. UMC sees no conflict between the two provisions. It maintains that she was subject to both provisions and that, because, theoretically, she could have complied with both, there is no conflict.

---

[3] We refer to the relevant sections by their respective number with the understanding that, although both sections are found in the Texas Civil Practice and Remedies Code, section 101.101 is a Texas Tort Claims Act provision and section 74.251 is the applicable statute of limitations in the Texas Medical Liability Act.

Because it is undisputed that Timmons failed to give notice within six months of the alleged breach, UMC maintains, the trial court properly granted its plea to the jurisdiction.

Analysis

We first address Timmons's second point of error challenging the trial court's order on the basis that section 101.101 does not apply to her claim because it was trumped by section 74.251. Timmons concedes that she did not give written notice of her claim within six months of the alleged breach and does not contend that UMC had actual notice of her claim.

Whether Section 101.101 Applies to the Instant Case

Timmons contends that, because section 101.101 and section 74.251 conflict with one another, section 74.251's two-year statute of limitations would apply, section 101.101's notice provision would not, and the trial court erred by granting UMC's plea to the jurisdiction on the basis that Timmons failed to give notice per section 101.101. Specifically, she points to the "[n]otwithstanding any other law" language of section 74.251 to support her contention that section 101.101 does not apply to her claim.

The Texas Supreme Court explored the import of this "notwithstanding" phrase in Chilkewitz v. Hyson, 22 S.W.3d 825, 829–30 (Tex. 1999).[4] In Chilkewitz, the issue

---

[4] We anticipate further guidance from the Texas Supreme Court on the import of section 74.251's "notwithstanding any other law" language in Molinet v. Kimbrell, No. 09-0544 (submitted by oral argument on Oct. 13, 2010). In Molinet, the Texas Supreme Court is called upon to review the San Antonio court's decision that section 33.004(e) of the Texas Civil Practice and Remedies Code operated in such a way as to expand the

before the Texas Supreme Court was whether section 74.251's predecessor, which used the same "notwithstanding any other law" language, foreclosed application of Texas Rule of Civil Procedure 28, which permits a party to sue or be sued in an assumed name. In analyzing the issue, the court gave a concise summary of cases in which "any other law" was found to have conflicted with the healthcare liability statute of limitations. Id. at 830. It clarified the conclusion to be drawn from those cases, providing us with guidance as to what "any other law" encompasses:

> But in all the foregoing cases, the issue was either when limitations began to run or whether limitations could be tolled or interrupted. Rule 28 concerns none of those issues. That procedural rule simply provides that if an entity conducts business under an assumed name or common name, it may be sued in that name. See TEX. R. CIV. P. 28. Limitations is not tolled. Rule 28 is not 'any other law' within the meaning of [former] section 10.01.

Chilkewitz, 22 S.W.3d at 830. So, from Chilkewitz, we understand "any other law" to mean any other law that impacts the timing or operation of section 74.251. For instance, in Bala v. Maxwell, 909 S.W.2d 889, 892 (Tex. 1995), at issue were two statute of limitations, one governing wrongful death actions and the other being section 74.251's predecessor governing healthcare liability claims. When, in a wrongful death action based on medical negligence, there arose a question as to when the limitations period began—from the date of *death* or the date of the *alleged breach*—the Texas Supreme Court cited the "notwithstanding any other law" language and concluded that

___

limitations period of section 74.251 and, in doing so, conflicted with section 74.251. See Kimbrell v. Molinet, 288 S.W.3d 464, 466–68 (Tex.App.—San Antonio 2008, pet. granted). The San Antonio court concluded that the two sections did conflict with one another and that section 33.004(e), therefore, was trumped by section 74.251 and unavailable to join responsible third parties on those facts. The Texas Supreme Court is now considering the issues raised in that case.

section 74.251's predecessor governed, meaning that the limitations period commenced on the date of the alleged breach. Id. at 892–93.

Here, section 101.101 does not directly impact when section 74.251 begins to run. Nor does section 101.101 operate in such a way as to somehow toll, interrupt, or extend the limitations period in section 74.251. Thus, under Chilkewitz's reasoning, the two provisions do not conflict with one another. 22 S.W.3d at 830.

We add that the natures of section 101.101 and section 74.251 are also distinct. The purpose of notice under section 101.101 is "to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). See Turnbow v Collingsworth County, 303 S.W.3d 353, 354 (Tex.App.—Amarillo 2009, no pet.); Howlett v. Tarrant County, 301 S.W.3d 840, 846 (Tex.App.—Fort Worth 2009, pet. filed). Section 101.101 is a jurisdictional prerequisite to suit, and the failure to satisfy its notice requirement deprives the trial court of subject matter jurisdiction over the matter. See TEX. GOV'T CODE ANN. § 311.034. Subject matter jurisdiction is a power that exists solely by the operation of law and cannot be conferred on a court by consent or waiver. Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 358 (Tex. 2004). Further, a court is obliged to consider the existence of subject matter jurisdiction regardless of whether the parties have questioned it. Id.

Section 74.251 is a statute of limitations, the effect of which is quite different. It is in the nature of an affirmative defense and, unlike the six-month notice period at issue in the instant case, does not deprive the trial court of jurisdiction over the matter. See TEX.

8

R. Civ. P. 94. When a plaintiff fails to bring suit within the limitations period, the claim still exists, but, unless the affirmative defense of limitations is waived, the claim may no longer be brought by the plaintiff. Gomez v. Pasadena Health Care Mgmt., Inc., 246 S.W.3d 306, 316 (Tex.App.—Houston [14th Dist.] 2008, no pet.).

After having examined the two statutes at issue in light of the reasoning in Chilkewitz, we conclude that sections 101.101 and 74.251 do not stand in conflict with one another. Section 101.101 does not operate in such a way as to commence, extend, toll, or interrupt the limitations period provided in section 74.251(a). Both provisions may, and often do, operate independently of one another in such actions. That said, section 74.251 does not trump section 101.101, and section 101.101's notice of claim requirement was applicable to the instant case.[5]

Open Courts Provision and Discovery Rule

We now examine the impact of section 101.101's application to Timmons's claim in light of her third and final point of error suggesting that a case presenting a retained object should garner special consideration because an injury resulting from such a case is inherently difficult to discover in a time frame that would allow a claimant to satisfy section 101.101's notice requirement. Again, all parties agree that Timmons did not give written notice within six months of the alleged breach. Timmons maintains that she

---

[5] We note that Dr. Thomas might enjoy immunity if UMC is immune from suit based on lack of notice required by section 101.101. See Putthoff v. Ancrum, 934 S.W.2d 164, 174 (Tex.App.—Fort Worth 1996, writ denied) (observing that "when a governmental entity maintains its immunity through the failure of a plaintiff to give notice as required by section 101.101, the individual employees are also immunized from any further liability from the plaintiff's actions based on the lack of notice").

is excused from compliance with section 101.101's notice requirement due to the nature of the injury she sustained. She urges that the Open Courts Provision of the Texas Constitution[6] guarantees her access to the courts in this situation. This situation, her argument goes, presents special considerations because it is a retained object case. By its very nature, she maintains, discovery of this type of injury is difficult and often delayed, and the situation does not occur in the absence of negligence. And her position on this particular point is not without recent authority to support it. See Walters v. Cleveland Reg'l Med. Ctr., 307 S.W.3d 292, 298–99 (Tex. 2010).

Open Courts Provision

In deciding one of two foreign object cases, the Texas Supreme Court concluded that, in such fact-specific cases, the Texas Open Courts provision barred the application of the two-year statute of limitations when the patient discovered the sponge nine and a half years after the procedure at issue and brought suit within the ten-year statute of repose. See Walters, 307 S.W.3d at 294–96. The court concluded that "[t]he Texas Constitution grants foreign object claimants a reasonable opportunity to discover their

---

[6] The Texas Constitution's Open Courts guarantee provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. "This provision assures that a person bringing a well-established common-law cause of action will not suffer unreasonable or arbitrary denial of access to the courts." Yancy v. United Surgical Patners Int'l, Inc., 236 S.W.3d 778, 784 (Tex. 2007) (quoting Morrison v. Chan, 699 S.W.2d 205, 207 (Tex. 1985), for its observation that the Open Courts guarantee "is premised on the notion that 'the Legislature has no power to make a remedy by due course of law contingent on an impossible condition'"). See Tinkle v. Henderson, 730 S.W.2d 163, 167 (Tex.App.—Tyler 1987, writ ref'd) (concluding that to require an incapacitated plaintiff to comply with the TTCA's notice provision would "require an impossible thing" and violate the due process guarantees of the Texas Constitution).

injuries and file suit, even if the two-year limitations period has run (though not, as in today's companion case, if the ten-year *repose* period has run)." Id. at 294. (emphasis in original).

Of course, Timmons's contention is somewhat distinguishable from that presented in Walters in that she contends the Open Courts provision bars application of the six-month notice provision rather than the statute of limitations. Nonetheless, it is a contention that we may not reach because Timmons did not raise this Open Courts issue in the trial court, and, therefore, has not preserved the issue for our review.[7] See Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 222 (Tex. 2002); Tejada v. Rowe, 207 S.W.3d 920, 925 (Tex.App.—Beaumont 2006, pet. filed).

Discovery Rule

Reading Timmons's argument liberally, we have considered the issue of whether the discovery rule should be applied in the instant case. Generally, the discovery rule holds that the statute of limitations does not commence against an injured party until he

---

[7] In the interest of justice, we note the questionable viability of an Open Courts challenge in the instant case, brought against a branch of the government, even if it had been preserved for our review. Proof of an Open Courts violation requires two elements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis. Yancy, 236 S.W.3d at 783. Timmons's cause of action against UMC is a purely statutory one. Were it not for the TTCA, sovereign immunity would shield UMC from such an action at common law. See Gomez, 246 S.W.3d at 313–14; Univ. of Tex. Med. Branch v. Greenhouse, 889 S.W.2d 427, 431 (Tex.App.—Houston [1st Dist.] 1994, writ denied). That said, Timmons would likely have failed to satisfy the first element of an Open Courts challenge. See Yancy, 236 S.W.3d at 783; Greenhouse, 889 S.W.2d at 431.

11

or she knew or, in the exercise of reasonable care, should have known of the injury. See Sanford v. Tex. A&M Univ., 680 S.W.2d 650, 651 (Tex.App.—Beaumont 1984, writ ref'd n.r.e)

In deciding whether the discovery rule should be applied to section 101.101's notice provision, we join several of our sister courts in concluding that it should not. See Streetman v. Univ. of Tex. Health Sci. Ctr. at San Antonio, 952 S.W.2d 53, 55–56 (Tex.App.—San Antonio 1997, writ denied); Putthoff, 934 S.W.2d at 174; Greenhouse, 889 S.W.2d at 431–32; Sanford, 680 S.W.2d at 652; see also Martinez v. Val Verde County Hosp. Dist., 140 S.W.3d 370, 371 (Tex. 2004) (demonstrating the strictness with which section 101.101 has been applied by concluding that patient's minority did not toll the notice period of section 101.101). The "plain, mandatory[,] and compelling wording" of section 101.101 precludes operation of a discovery rule to its notice requirement. Sanford, 680 S.W.2d at 652. We also join our sister courts' recognition that the operation of section 101.101 on these facts appears harsh and unfair. See Streetman, 952 S.W.2d at 56; Greenhouse, 889 S.W.2d at 432. We add, though, that once a claimant invokes the procedural devices of the TTCA that would permit a suit against the State, he or she is bound by its limitations and restrictions. See Greenhouse, 889 S.W.2d at 431–32. And we also acknowledge that the same statutory scheme that deprives the trial court of jurisdiction over Timmons's claim here is the very scheme that makes such an action against a branch of the State possible. See Streetman, 952 S.W.2d at 56; Greenhouse, 889 S.W.2d at 431. Taking guidance from the Texas Supreme Court, we must remain mindful that "[t]he fairness or wisdom of the waiver is not our province to decide." Martinez, 140 S.W.3d at 372.

Section 101.101's requirement that Timmons give notice of her claim within six months of the alleged breach applies to Timmons's claim, and her failure to comply with said requirement is not excused by application of the Open Courts Provision or an extension of the discovery rule to section 101.101's notice requirement. The failure to give notice pursuant to section 101.101 deprived the trial court of subject matter jurisdiction over Timmons's claim against UMC. The trial court did not err by granting UMC's plea to the jurisdiction on this basis.[8]

### Conclusion

Having overruled Timmons's issues, we affirm the trial court's order granting UMC's plea to the jurisdiction.

Mackey K. Hancock
Justice

---

[8] Having concluded that the failure to provide notice provides a proper basis for the trial court's order granting UMC's plea to the jurisdiction, we need not address Timmons's point of error regarding the use of tangible personal property as it relates to the retained packing material or sponge. Though likely of little solace, her contentions on this issue appear consistent with our opinion in Harris, 302 S.W.3d at 461. Nonetheless, having concluded that her failure—albeit nearly inevitable on these facts— to provide UMC with timely written notice of her claim deprived the trial court of jurisdiction over her claim, we need not address this issue to dispose of the case before us. See TEX. R. APP. P. 47.1.