**Patrick KIMBRELL, M.D. and John Horan, M.D., Appellants,**

v.

**Jeremy MOLINET, Appellee.**

**No. 04–08–00379–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 31, 2008.

Rehearing Overruled May 21, 2009.

Brett B. Rowe, John A. Fuentes, Evans & Rowe, Rosemary L. Hollan, Karen R. Roberts, Hollan Law Firm, P.C., San Antonio, TX, for appellant.

Jon T. Powell, The Powell Law Firm, Brant S. Mittler, M.D., J.D., George G. Brin, Richard J. Kasson, Brin & Brin, P.C., San Antonio, TX, Carl Dawson, Ryan and Dawson, Houston, TX, for appellee.

Sitting: CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## MEMORANDUM OPINION

Opinion by CATHERINE STONE, Justice.

Patrick Kimbrell, M.D. and John Horan, M.D. appeal the trial court's order denying their motions for summary judgment. Jeremy Molinet amended his pleadings to join Kimbrell and Horan as additional defendants after Marque Allen, D.P.M. designated them as responsible third parties. Kimbrell and Horan contend the trial court erred in denying their motions because section 33.004(e) of the Texas Civil Practice and Remedies Code ("Code"), which permits a plaintiff to join a person designated as a responsible third party as a defendant within sixty days of the designation, cannot be used to circumvent the two-year limitations bar contained in section 74.251 of the Code. We reverse the trial court's order and render judgment that Molinet's claims against Kimbrell and Horan are dismissed. The cause is remanded for further proceedings.

### BACKGROUND

In 2005, Molinet sued several parties, including his podiatrist, Dr. Marque Allen, for damages. Molinet asserted personal injury and medical malpractice claims relating to an injury he sustained to his Achilles tendon and the subsequent treatment of the injury. On August 24, 2007, Allen designated Kimbrell and Horan as responsible third parties. On August 24, 2007, Molinet amended his petition to join Kimbrell and Horan as additional parties.

Kimbrell and Horan each moved for summary judgment and asserted Molinet's claims against them were barred by the two-year limitations period contained in section 74.251 of the Code. Molinet responded that his claims were timely pursuant to section 33.004(e) of the Code. The trial court denied the motions, and Kim-

brell and Horan filed this interlocutory appeal pursuant to section 51.014(d) based on the parties' agreement and the trial court's finding that the order involves a controlling question of law.

### STANDARD OF REVIEW

■ We review a trial court's summary judgment order concerning statutory construction *de novo. See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003). To construe a statute, we try to determine and give effect to the Legislature's intent by examining the plain and common meaning of the statute's words. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002); *see also* TEX. GOV'T CODE ANN. § 312.003 (Vernon 2008); *Am. Home Prods. Corp. v. Clark,* 38 S.W.3d 92, 95 (Tex.2000). We read the statute as a whole rather than in isolated portions. *Jones v. Fowler,* 969 S.W.2d 429, 432 (Tex. 1998). When the statute's text is clear and unambiguous, we interpret the statute according to its plain meaning. *See City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex.2008). We may consider extra-textual factors, such as legislative history, only if a contrary intention is apparent from the context or a construction would lead to an absurd result. *See City of Rockwall,* 246 S.W.3d at 625–26.

### DISCUSSION

■ Kimbrell and Horan contend section 74.251 contains an absolute two-year limitations period. Section 74.251 states:

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the

claim or the hospitalization for which the claim is made is completed[.]

TEX. CIV. PRAC. & REM.CODE ANN. § 74.251 (Vernon 2008). Kimbrell and Horan assert that the inclusion of the "notwithstanding any other law" phrase in section 74.251 provides clear and unambiguous language of the Legislature's intent that the limitations period would control over any conflicting law. Kimbrell and Horan further assert that the sixty-day period to join a person designated as a responsible third party pursuant to section 33.004(e) does not create an exception to the two-year limitations period set forth in section 74.251.

Molinet relies on the following language in section 33.004(e) of the Code:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(e) (Vernon 2008). Molinet argues sections 74.251 and 33.004(e) can be construed together to give effect to both provisions. According to Molinet, the two-year limitations period under section 74.251 does not apply to situations where a responsible third party is designated and sought to be joined within sixty days; however, if no persons are designated as responsible third parties, then the two-year limitations period of section 74.251 continues to apply.

Both Chapter 74 and Chapter 33 of the Code include a conflicts of law provision to be used in reconciling any potential conflicts with other provisions. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.017 (Vernon 2008); TEX. CIV. PRAC. & REM.CODE ANN. § 74.002 (Vernon 2008). Section 74.002 of

the Code provides that Chapter 74 will control to the extent there is any conflict between it and another chapter. TEX. CIV. PRAC. & REM.CODE ANN. § 74.002 (Vernon 2008). Similarly, section 33.017 of the Code states that the rights of the indemnified parties shall prevail to the extent there is conflict between Chapter 33 and any other chapter. TEX. CIV. PRAC. & REM. CODE ANN. § 33.017 (Vernon 2008). Because both chapters contain this language, the conflicts of law provision does not aid us in determining the Legislature's intent.

Section 74.251's use of the phrase "notwithstanding any other law" is instructive, however, and unequivocally expresses the Legislature's intent for section 74.251 to govern when its limitations period conflicts with other laws. *See Bala v. Maxwell,* 909 S.W.2d 889, 892 (Tex.1995). In *Chilkewitz v. Hyson, M.D., P.A.,* 22 S.W.3d 825, 829 (Tex.1999), the Texas Supreme Court held that section 10.01, now section 74.251, forecloses the operation of any statute "that would otherwise extend limitations." Since section 33.004(e) is a statute that would extend limitations, section 74.251 precludes giving it any effect. *See id.* As the court further noted in *Chilkewitz,* "[o]ther than cases concerning the open courts provision of the Texas Constitution and the tolling provisions expressly contained within the Medical Liability and Insurance Improvement Act itself, section 10.01 [now 74.251] imposes an absolute two-year statute of limitations on health care liability actions." *Id.* Stated differently, the "any other law" language is triggered "when the statute or rule at issue purports to either commence, toll, or extend limitations." *Gomez v. Pasadena Health Care Mgmt., Inc.,* 246 S.W.3d 306, 316 (Tex.App.-Houston [14th Dist.] 2008). While the tolling provision of section 33.004(e) reflects strong policy considerations of the Legislature to protect a plaintiff, "section 10.01 [now 74.251] expressly

makes the tolling statute inapplicable to health care liability claims, reflecting a considered legislative judgment in favor of the prompt resolution of such claims." *Yancy v. United Surgical Partners Int'l, Inc.,* 236 S.W.3d 778, 784 (Tex.2007).

Molinet cites this court's decision in *Pochucha v. Galbraith Engineering,* 243 S.W.3d 138 (Tex.App.-San Antonio 2007, pet. granted), as authority for the proposition that only claims specifically excluded by section 33.002(c) are excluded from the application of section 33.004(e). Unlike chapter 16, which was being analyzed in *Pochucha,* section 74.251 contains clear and unambiguous language that the two-year limitations period applies "[n]otwithstanding any other law." Therefore, *Pochucha* is clearly distinguishable from the instant case.

Although both parties address the legislative history of section 74.251 in their briefs, we do not resort to extra-textual factors when the statute is unambiguous. *See City of Rockwall,* 246 S.W.3d at 625–26; *Tex. Dep't of Protective and Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170, 177 (Tex.2004). In this case, the language of section 74.251 clearly provides an absolute two-year statute of limitations period "notwithstanding any other law." The concerns expressed in the concurring opinion are well founded; however, we are constrained to rule as we do. As long noted by the Texas Supreme Court:

> Courts may take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere.... They are not responsible for omission in legislation.

*RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985)(quoting *Simmons v. Arnim*, 110 Tex. 309, 324, 220 S.W. 66, 70 (Tex.1920)).

## CONCLUSION

■ Because the "notwithstanding any other law" language of section 74.251 imposes an absolute two-year limitations period on health care liability claims, we hold the trial court erred in denying the motions for summary judgment. We reverse the trial court's order and render judgment dismissing Molinet's claims against Kimbrell and Horan. The cause is remanded for further proceedings.

## CONCURRING OPINION

Concurring Opinion by REBECCA SIMMONS, Justice.

I concur in the judgment of this case, but I write briefly to encourage the Texas Legislature to clarify the interaction between sections 33.004(e) and 74.251 of the Civil Practice and Remedies Code.

### A. Applicability of Chapter 33, Proportionate Responsibility

The legislative history of Chapter 33, its structure, and its plain language suggest that it applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought" other than specific enumerated exceptions. TEX. CIV. PRAC. & REM.CODE ANN. § 33.002(a)(1) (Vernon 2008). Key to the application of Chapter 33 is the ability of defendants to liberally designate responsible third parties regardless of limitations or personal jurisdiction. *Id.* § 33.004(f), (g), (i), (j). Yet this court's application of section 74.251's limitations period to Chapter 33 bars the claimant from exercising a reciprocal statutory right to join designated responsible third parties regardless of limitations. Such a result creates an inequity and potential for abuse the Legislature may not have anticipated.[1]

### B. Interaction Between Chapter 33 and Chapter 74

The majority's opinion correctly identifies the tension between chapter 33 and chapter 74 of the Texas Civil Practice and Remedies Code. *See id.* § 33.004; *id.* § 74.251 (Vernon 2005). There were compelling reasons behind the Legislature's enactment of a two year statute of limitations for health care liability claims.[2] *See*

---

1. At least one legislator, Senator Ratliff, did not anticipate the result of this court's analysis. When asked during floor debates whether the sixty day time period for a plaintiff to join a designated responsible third party, regardless of limitations, applied to a medical malpractice claim, Senator Ratliff responded: "Yes, if health care providers are going to have the benefit of the designation of responsible third parties, then they have to abide by the same rules as everyone else. This 60–day provision would apply in health care liability claims." S.J. of Tex., 78th Leg., R.S. 5005 (2003), *available at* http://www.journals.senate.state.txs.us/sjrnl/78R/pdf/SJ06–01–F.pdf.

2. The Medical Liability and Insurance Improvement Act reinstated the two year statute of limitations for medical malpractice claims. Medical Liability and Insurance Improvement Act of Texas, 65th Leg., R.S., ch. 817, § 1, sec. 10.01, 1977 Tex. Gen. Laws 2039, 2052, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 872. Article 4590i of the Revised Civil Statutes became section 74.251 of the Civil Practices and Remedies Code. The language in section 74.251(a) is identical to that of article 4590i except for three non substantive changes. *See generally* Joseph P. Witherspoon, *Constitutionality of the Texas Statute Limiting Liability for Medical Malpractice*, 10 TEX. TECH. L.REV. 419, 428 (1978) (listing a purpose of the Medical Liability and Insur-

*Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex. 1983) (noting the purpose of the act "was to provide an insurance rate structure that would enable health care providers to secure liability insurance"). Likewise, there are compelling reasons behind the application of proportionate responsibility to any cause of action so that all responsible persons are before the court. In reviewing the legislative intent behind the enactment of Chapter 33 and the 2003 amendments thereto, the Texas Supreme Court noted "[t]he Legislature seemed intent on creating a general scheme of proportionate responsibility for tort claims, subject to specific statutory exclusions." *F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 692 (Tex.2007). It is the history of Chapter 33, and the resulting framework that makes apparent the inequity and potential for abuse inherent in refusing to afford the claimant his statutory right to join designated responsible third parties regardless of limitations.

## C. History of Proportionate Responsibility

In 1987, the Legislature replaced comparative negligence with comparative responsibility thereby "replac[ing] the existing statutory and common law schemes." *JCW Elecs., Inc. v. Garza,* 257 S.W.3d 701, 703 (Tex.2008).[3] In 1995, the 74th Legislature "amended Chapter 33 by replacing comparative responsibility with proportionate responsibility."[4] *Id.* The 1995 amendments eliminated the list of specific theories of liability to apportion, "providing instead that the chapter should apply 'to any cause of action based on tort.'" *Id.* at 704. The statute allowed the defendant to join any responsible third party in the litigation. With some exceptions, joinder was not available if the action was barred by limitations, lack of personal jurisdiction, or subject matter jurisdiction. Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, secs. 33.004(d), (e), 33.011(6)(A), 1995 Tex. Gen. Laws 971, 973 (amended 2003) (defining a responsible third party, in part, as a person over whom the court could exercise jurisdiction).

In 2003, Chapter 33's proportionate responsibility framework was amended to significantly liberalize the defendant's ability to seek to shift or spread liability to others. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 4.01–.12, 2003 Tex. Gen. Laws 847, 855–59 (codified at Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ.Cᴏᴅᴇ Aɴɴ. § 33.002–.017 (Vernon 2008)). Under the amended section 33.004, the defendant could merely designate a responsible third party rather than join the responsible third party in the lawsuit as previously required.[5] Further, the definition of a responsible third party was broadened to include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ.Cᴏᴅᴇ Aɴɴ. § 33.011(6) (Vernon 2008). The 2003 amendments' expanded

---

ance Improvement Act as intending to protect "physicians, hospitals, and other health care providers from drastically increasing insurance rates").

3. Citing Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, §§ 2.03–.11B, 1987 Tex. Gen. Laws 37, 40-44, *amended by* Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 971-75.

4. Citing Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 971–

75, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 4.01–.12, 2003 Tex. Gen. Laws 847, 855–59.

5. *Compare* Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ.Cᴏᴅᴇ Aɴɴ. § 33.004(a) (Vernon 2008) (permitting designation), *with* Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, sec. 33.004(a), 1995 Tex. Gen. Laws 971, 972 (amended 2003) (requiring the defendant to join the third party).

definition applies regardless of whether the court has jurisdiction over the person or whether he could have been sued by the claimant. *Id.* § 33.011. Moreover, if the defendant properly designates a responsible third party by filing a motion for leave, the court must grant leave if there is no objection within fifteen days. *Id.* § 33.004(f). Even if there is an objection, the court must grant the designation unless the defendant did not plead sufficient facts concerning the alleged responsibility of the designated responsible third party. *Id.* § 33.004(g)(2). Finally, the designation of a responsible third party may not be used in any other proceeding to impose liability on the designee. *Id.* § 33.004(i)(2).

### D. Balancing Defendant's Designations with Plaintiff's Joinders

As noted above, under the 2003 amendments, the defendant may designate responsible third parties regardless of whether the limitations period would bar the claimant's joinder of the designee in the lawsuit. Along with the defendant's right to designate time-barred responsible third parties, the Legislature provided the claimant a reciprocal right:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

Tex. Civ. Prac. & Rem.Code Ann. § 33.004(e) (Vernon 2008). Balancing the defendant's ability to designate a time-barred party with the claimant's ability to join a time-barred designee in the lawsuit benefits both parties. The defendant benefits from being able to designate responsible third parties irrespective of any limitations bar. The claimant benefits because, with a designee's joinder not barred by limitations, the defendant may be more circumspect in designating responsible third parties who may become co-defendants intent on reducing their proportionate responsibility. Likewise, aware of the potential for joinder, the designated responsible third party may be more assertive in disclaiming responsibility than if joinder were unavailable.[6]

Because the majority holds section 74.251's "[n]otwithstanding any other law" provision prevents the plaintiff from joining a designated responsible third party under section 33.004(e), the statutory scheme becomes unbalanced. A plaintiff may be forced to expend considerable time and expense to prevent the defendant from shifting liability to a designated responsible third party from whom the plaintiff cannot recover. In a health care liability claim, the unchecked ability of a defendant to designate a time-barred responsible third party may invite mischief. For example, a defendant could wait until section 74.251's limitations period runs to designate a limitations-barred responsible third party and argue the designee is largely or solely liable for plaintiff's damage. The designee, knowing that she is not at financial risk, may have little incentive to assiduously contest liability or shift her alleged responsibility to the named defendant. *See id.* § 33.004(i). Presented with a passive designee and the defendant's bold assertions of blamelessness, the jury likely may apportion responsibility to the designee from whom the plaintiff cannot recover. Under this scenario, the proportionate responsibility framework becomes unbal-

---

**6.** There is no requirement under Chapter 33 to notify the responsible third party of its designation. Tex. Civ. Prac. & Rem Code Ann. § 33.004 (Vernon 2008).

anced and there is no check on the unbridled designation of responsible third parties otherwise barred by limitations.

The designation of responsible third parties within the proportionate responsibility framework developed by the Legislature was balanced. The defendant was given more latitude to designate time-barred responsible third parties and the claimant was given a counterbalancing right to join the designees in the suit. The application of section 74.251 to remove the plaintiff's ability to join the designated responsible third party results in an imbalance in the framework. There is no deterrent to designating as many time-barred responsible third parties as possible, and no incentive for such designees to vigorously contest responsibility. In essence, the plaintiff is left in the position of having to prove the liability of the party defendant while at the same time defending the empty chair designees. The Legislature developed the proportionate responsibility framework with checks and balances to preclude such an unfair result, but it may not have considered the impact of section 74.251 which bars plaintiff's statutory right to join a time-barred responsible third party in a health care liability case. Unfortunately for proportionate responsibility, without further clarification from the Legislature, there is no check and the balance is gone.