NUMBER 13-10-00035-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ANTHONY B. MENA,                                                                    Appellant,

 

v.

 

DR. PAUL LENZ,                                                                            
Appellee.

 

 



On appeal from the 445th District
Court

of Cameron County, Texas.

 

 



  O P I N I O N

 

Before Chief Justice Valdez and
Justices Rodriguez and Perkes

Opinion by Chief Justice Valdez

 

            Appellant, Anthony B. Mena, challenges
the trial court’s summary judgment in favor of appellee, Dr. Paul Lenz, M.D. 
By three issues, Mena contends that the trial court erred in granting summary
judgment because:  (1) section 16.064 tolls the statute of limitations, and Dr.
Lenz failed to negate tolling; (2) section 74.251(a) “must be harmonized with
28 U.S.C. § 1367(d)”; and (3) section 74.251(a) “violates the Texas
Constitution’s Open Courts doctrine as applied to Mena.”  We affirm.

I.          Background

            On March 24, 2005, Mena filed a
section 1983 lawsuit against Dr. Lenz in the United States District Court for
the Southern District of Texas.  See generally 42 U.S.C. § 1983.  Mena
then added “a state-law medical malpractice claim under [s]ection 74 of the
Texas Civil Practice and Remedies Code.”  The federal court dismissed Mena’s
section 1983 claim “due to the running of the pertinent statute of
limitations.”  The federal court then dismissed Mena’s entire cause of action
without prejudice on May 17, 2007.  One day later, on May 18, 2007, Mena filed his
health care liability lawsuit against Dr. Lenz in state court.

            In his petition, Mena claimed that he
sustained an injury to his arm when he was arrested on April 30, 2003.  According
to Mena, while he was incarcerated from April 30, 2003 until October 2003, he did
not receive adequate and timely medical treatment for the injury to his arm,
which led to permanent damage.  Mena alleged that Dr. Lenz, as the director of
the jail during that time period, failed to perform his duties within the
proper standard of care.

On June 30, 2009, Dr.
Lenz filed a traditional motion for summary judgment claiming that Mena’s cause
of action was barred by the statute of limitations pursuant to section
74.251(a) of the Texas Civil Practice and Remedies Code.[1]  See Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a)
(Vernon 2005).  In his response, Mena did not dispute that he filed his case in
state court outside of 74.251(a)’s limitations period; however, he argued that he
did timely file his cause of action in federal court and the statute of
limitations should be tolled pursuant to section 16.064 of the Texas Civil
Practice and Remedies Code.  See id. § 16.064 (Vernon 2008).

The trial court granted
Dr. Lenz’s traditional motion for summary judgment on October 5, 2009, on the
basis that section “74.251(a) . . . does not list [section]
16.064 . . . as an exception to the 2 year limitation.” 
This appeal followed.

II.         Standard of Review and Applicable
Law

            We review the granting of a
traditional motion for summary judgment de novo. Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003); Branton v. Wood,
100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.).  In a traditional
motion for summary judgment, the movant has the burden to establish that no
genuine issue of material fact exists and that he is entitled to judgment as a
matter of law.  Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002) (citing Tex. R. Civ. P.
166a(c)); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678 (Tex. 1979).  “[W]e take as true all evidence favorable to the non[-]movant,
and we indulge every reasonable inference and resolve any doubts in the non[-]movant's
favor.”  Valence Operating Co., 164 S.W.3d at 661.

            A defendant seeking summary judgment
on the basis that the statute of limitations has expired must establish the
defense as a matter of law.  Shah v. Moss, 67 S.W.3d 836, 849 (Tex.
2001); Diaz v. Westphal, 941 S.W.2d 96, 97-98 (Tex. 1997).  “To satisfy
this burden, the defendant must conclusively negate any relevant tolling
doctrines the plaintiff asserted in the trial court.”  Diaz, 941 S.W.2d
at 98.

Section 74.251(a),
entitled “Statute of Limitations on Health Care Liability Claims,” states:

Notwithstanding
any other law and subject to Subsection (b), no health care liability claim may
be commenced unless the action is filed within two years from the occurrence of
the breach or tort or from the date the medical or health care treatment that
is the subject of the claim or the hospitalization for which the claim is made
is completed . . . .

 

Tex. Civ.
Prac. & Rem. Code Ann. § 74.251(a).  “Additionally, section
74.002(a) contains a general conflict-of-law provision that states ‘[i]n the
event of a conflict between [chapter 74] and another law, including a rule of
procedure or evidence or court rule, [chapter 74] controls to the extent of the
conflict.’”  Molinet v. Kimbrell, 54 Tex. Sup. J. 491, No. 09-0544, 2011
Tex. LEXIS 68, at *8 (Tex. Jan. 21, 2011) (citing Tex. Civ. Prac. & Rem. Code Ann § 74.002(a) (Vernon 2005)). 
Section 16.064(a) states:

(a)       The period between the date of filing
an action in a trial court and the date of a second filing of the same action
in a different court suspends the running of the applicable statute of
limitations for the period if:

 

(1)   because of lack of jurisdiction in the trial court
where the action was first filed, the action is dismissed or the judgment is
set aside or annulled in a direct proceeding; and

 

(2)   not later than the 60th day after the date the
dismissal or other disposition becomes final, the action is commenced in a
court of proper jurisdiction.

 

(b)       This section does not apply if the adverse
party has shown in abatement that the first filing was made with intentional
disregard of proper jurisdiction.

 

Tex. Civ.
Prac. & Rem. Code Ann. § 16.064.

II.         Compliance with Section 74.251(a)

            By a sub-issue to his first issue,
Mena asserts, without citation to authority, that “all statutory prerequisites
are met” because he “commenced” his lawsuit within the two-year statute of
limitations by filing his suit in federal court.  Therefore, Mena argues that
Dr. Lenz “failed to conclusively establish limitations.”  We disagree.

            When a federal court dismisses a cause
of action due to lack of jurisdiction, the plaintiff must still file his
lawsuit in state court within the limitations period or show that a tolling
provision applies.  Vale v. Ryan, 809 S.W.2d 324, 327 (Tex. App.–Austin
1991, no writ) (explaining that when the federal court dismissed the
plaintiff’s claims, the plaintiff who later filed her claims of false arrest,
false imprisonment, and malicious prosecution in state court outside the
applicable limitations period proved that a tolling statute applied); see
Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n, 932 F. Supp. 859,
871 (E.D. Tex. 1996) (declining to exercise supplemental jurisdiction over the
plaintiff’s DTPA and breach of contract state claims and concluding that the
statute of limitations will be considered tolled pursuant to section 16.064 between
the date of filing in federal court and the date of refiling in state court,
provided refiling is accomplished within sixty days of federal court dismissal)
(citing Tex. Civ. Prac. & Rem. Code
Ann. § 16.064); see also Ruiz v. Austin Indep. Sch. Dist.,
No. 03-02-00798-CV, 2004 Tex. App. LEXIS 4725, at *12 (Tex. App.–Austin May 27,
2004, no pet.) (mem. op.) (stating that the plaintiffs filed their second
lawsuit in state court seventy-nine days after a federal court dismissed their
first lawsuit; therefore, the plaintiffs’ defamation cause of action was barred
by the statute of limitations, even with the benefit of section 16.064’s
tolling provision); Martinez v. City of Brownsville, No. 13-00-00425-CV,
2001 Tex. App. LEXIS 6131, at *11 (Tex. App.–Corpus Christi Aug. 31, 2001, pet.
denied) (mem. op.) (setting out that the plaintiff had sixty days after the
federal court dismissed his case to file his Texas Tort Claims Act claim in
state court because the statute of limitations had been tolled pursuant to
section 16.064).  It is undisputed that Mena failed to file his claim in state
court within the two-year statute of limitations.  Therefore, even though Mena
filed his claim in federal court within the two-year statute of limitations, Mena’s
state claim was untimely, unless a tolling provision applied.  See Vale,
809 S.W.2d at 327; see also Youngblood Group, 932 F. Supp. at 871;
Ruiz, 2004 Tex. App. LEXIS 4725, at *12 ; Martinez, 2001 Tex.
App. LEXIS 6131, at *11.  We overrule Mena’s first sub-issue.

III.        Tolling the Statute of Limitations

            By his first issue, Mena argues that
section 16.064 tolls section 74.251(a)’s limitations period for sixty days.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 16.064, 74.251(a).  Mena further argues that his state claim was timely
because he filed it one day after the federal court dismissed his cause of
action.  Dr. Lenz responds that section 74.251(a) has an absolute statute of
limitations that cannot be circumvented by section 16.064’s tolling provision.

No other court has specifically
determined whether section 16.064’s tolling provision applies to section
74.251(a)’s statute of limitations.  However, the San Antonio Court of Appeals
in Kimbrell v. Molinet addressed whether 33.004(e) tolled 74.251(a)’s
statute of limitations.  288 S.W.3d 464, 466-67 (Tex. App.–San Antonio 2009), aff’d,
2011 Tex. LEXIS 68, at *24.  Section 33.004(e) states:

If
a person is designated under this section as a responsible third party, a
claimant is not barred by limitations from seeking to join that person, even
though such joinder would otherwise be barred by limitations, if the claimant
seeks to join that person not later than 60 days after that person is
designated as a responsible third party.

 

Tex. Civ.
Prac. & Rem. Code Ann. § 33.004(e) (Vernon 2008).  The San Antonio Court
of Appeals concluded that section 74.251(a)’s statute of limitations could not
be tolled because it imposes an absolute two-year limitations period on health
care liability claims.  Kimbrell, 288 S.W.3d at 468.  The court reasoned
that “74.051(a)’s use of the phrase ‘notwithstanding any other
law’ . . . unequivocally expresses the Legislature’s intent
for section 74.251 to govern when its limitations period conflicts with other
laws.”  Id. at 467.  The court reversed the trial court’s denial of the
defendants’ motion for summary judgment and rendered judgment dismissing the plaintiff’s
claims against the defendants.  Id. at 468.

The Texas Supreme Court
affirmed the court of appeals judgment.  Molinet, 2011 Tex. LEXIS 68, at
*24.  In its majority opinion, the Texas Supreme Court stated:

[C]hapter
74’s language reflects legislative intent for section 74.251(a) to be the
controlling statute . . . .  First, section 74.251(a) explicitly states that
“notwithstanding any other law” a health care liability claim must be commenced
within two years after “the occurrence of the breach or tort or from the date
the medical or health care treatment that is the subject of the claim or the
hospitalization for which the claim is made is completed.”  Second, section
74.002(a) provides “in the event of a conflict between [chapter 74] and another
law, including a rule of procedure or evidence or court rule, [chapter 74]
controls to the extent of the conflict.”

 

Id. at **13-14 (internal citations omitted);
see Tex. Civ. Prac. & Rem.
Code Ann. § 74.002.

            By stating “notwithstanding any other
law,” section 74.251(a) unequivocally reflects that the legislature intended
the statute of limitations to be absolute.  See Kimbrell, 288 S.W.3d at
467; see also Timmons v. Univ. Med. Ctr., 2011 Tex. App. LEXIS 463, at *9
(Tex. App.–Amarillo Jan. 21, 2011, no pet. h.) (“[W]e understand ‘any other
law’ to mean any other law that impacts the timing or operation of section
74.251.”).  Furthermore, section 74.002 states that chapter 74 controls if
another law conflicts with it.  See Molinet, 2011 Tex. LEXIS 68,
at *16 (concluding that both section 74.251(a) and section 74.002 “evidence
clear legislative intent that the two year statute of limitations in section
74.251(a) applies [to the plaintiff’s claims against the defendants] notwithstanding
section 33.004(e)”).  Accordingly, we conclude that section 74.251(a) controls
and section 16.064 does not toll the statute of limitations in Mena’s health
care liability claim.[2] 
See id. at *24. Kimbrell, 288 S.W.3d at 468; see also
Chilkewitz v. Hyson, 22 S.W.3d 825, 829-30 (Tex. 1999) (stating that section
10.01’s—the former statute of limitations applying to health care liability
claims—language “[n]otwithstanding any other law, no health care liability
claim may be commenced unless the action is filed within two years from the occurrence
of the breach or tort . . .” showed that “the legislature
unequivocally expressed its intent that, when the time limitations of section
10.01 conflict with another law, section 10.01 governs”) (internal quotations
omitted).

It is undisputed that
Mena filed his health care liability claim in state court outside 74.251(a)’s
two-year limitations period.  Moreover, Dr. Lenz conclusively negated Mena’s
assertion that section 16.064 tolls the statute of limitation in a health care
liability claim.  See Diaz, 941 S.W.2d at 98.  Therefore, because no
tolling provision applied, Dr. Lenz established his statute of limitations
defense and his entitlement to summary judgment as a matter of law.  See Sw.
Elec. Power Co., 73 S.W.3d at 215; Diaz, 941 S.W.2d at 98.  We
overrule Mena’s first issue.[3]

IV.       Preservation

            By his second issue, Mena alleges that
his claim was timely filed because section 1367(d) of the United States Code
“provides for a minimum of thirty days in which to re-file pendant state law claims
dismissed in federal court”—or, in other words, section 1367(d) preempts
section 74.251(a)’s statute of limitations.  By his third issue, Mena asserts
that section 74.251(a) violates the Texas Constitution’s Open Courts Doctrine.

            Rule 166a(c) of the Texas Rules of
Civil Procedure provides that “[i]ssues not expressly presented to the trial
court by written motion, answer or other response shall not be considered on appeal
as grounds for [reversing summary judgment].”  Tex. R. Civ. P. 166a(c).  Therefore, “[t]he non-movant must
expressly present to the trial court, by written answer or response, any issues
defeating the movant's entitlement.”  McConnell v. Southside Independent
School Dist., 858 S.W.2d 337, 343 (Tex. 1993); Shih v. Tamisiea, 306
S.W.3d 939, 944 (Tex. App.–Dallas 2010, no pet.); see Clear Creek Basin Auth.,
589 S.W.2d at 678 (“[T]he non-movant may not urge on appeal as reason for
reversal of the summary judgment any and every new ground that he can think of,
nor can he resurrect grounds that he abandoned at the hearing.”).

            Here, Mena did not present to the
trial court any written answer or response stating that section 1367(d) of the
United States Code preempts section 74.251(a) or that section 74.251(a)
violates the Open Courts Doctrine.  Therefore, we may not consider these
grounds on appeal.  See McConnell, 858 S.W.2d at 343 (explaining
that summary judgment motions and responses, or answers to those motions, must
stand or fall on the grounds expressly presented to the trial court); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d at 222 (“A litigant must raise an
open-courts challenge in the trial court.”); Clear Creek Basin Auth.,
589 S.W.2d at 678; TrueStar Petroleum Corp. v. Eagle Oil & Gas Co., 323
S.W.3d 316, 321 (Tex. App.–Dallas 2010, no pet.) (refusing to review non-movant’s
grounds for avoiding movant’s summary judgment that had not been presented to
the trial court); Shih, 306 S.W.3d at 944 (“[E]xcept to attack the legal
sufficiency of the movant's grounds for summary judgment, the nonmovant must
expressly present to the trial court in a written answer or response to the
motion any reason for avoiding the movant's entitlement to summary judgment.”);
see also Mills v. Warner Lambert Co., 157 S.W.3d 424, 426 (Tex.
2005) (per curiam) (stating that federal preemption is generally an affirmative
defense to suit); Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)
(“If the party opposing a summary judgment relies on an affirmative defense, he
must come forward with summary judgment evidence sufficient to raise an issue
of fact on each element of the defense to avoid summary judgment.”); Hamm v.
Millennium Income Fund, L.L.C., 178 S.W.3d 256, 268 (Tex. App.–Houston [1st
Dist.] 2005, pet. denied) (providing that an affirmative defense that is not
pleaded or proved and on which findings are not obtained is waived) (citing
Tex. R. Civ. P. 94 (setting out that affirmative defenses must be pled); In
re C. M., 996 S.W.2d 269, 270 (Tex. App.–Houston [1st Dist.] 1999, no pet.)
(explaining that an affirmative defense seeks to establish an independent
reason that the party should not recover and is therefore a defense of
avoidance)); Harrill v. A.J.'s Wrecker Serv., Inc., 27 S.W.3d 191, 194
(Tex. App.–Dallas 2000, pet. dism'd w.o.j) ("Preemption is an affirmative
defense.").  We overrule Mena’s second and third issues.

V.        Conclusion

            We affirm.

_________________

                                                                                                Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the


17th day of March, 2011.

 









[1]
We note that the trial court had previously granted summary judgment in favor
of Dr. Lenz on the basis that Mena had failed to exercise due diligence in
serving him with citation.  After concluding that Mena raised a fact issue
regarding his due diligence in serving Dr. Lenz, this Court reversed the trial
court’s summary judgment.  See Mena v. Lenz, No. 13-08-00137-CV, 2009
Tex. App. LEXIS 1585, at *16 (Tex. App.–Corpus Christi Mar. 5, 2009, no pet.)
(mem. op.) (“Mena I”).





[2]
In two sentences in his brief, without citation to authority, Mena claims that
this Court has already “determined that section 16.064(a) suspended the
limitations period of section 74.251(a)” and that ruling is the law of the
case.  See Tex. R. App. P.
38.1(i).  However, the issue in Mena I was “whether the summary judgment
evidence show[ed] conclusively that Mena’s counsel failed to exercise due
diligence in serving Dr. Lenz with citation.”  2009 Tex. App. LEXIS 1585, at
*10.  This Court concluded that “Mena raised a fact issue as to diligence, and
Dr. Lenz failed to meet his burden to conclusively show that Mena’s counsel’s
efforts were insufficient.”  Id. at *16.  We did not decide whether
section 16.064 tolls 74.251(a)’s statute of limitations.  Therefore, we
disagree with Mena that the law of the case doctrine applies.  See Briscoe
v. Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003) (“The 'law of the case'
doctrine is defined as that principle under which questions of law decided on
appeal to a court of last resort will govern the case throughout its subsequent
stages.”); see also Pisharodi v. Barrash, No. 13-05-744-CV, 2007
Tex. App. LEXIS 7583, at *7 (Tex. App.–Corpus Christi Sept. 20, 2007, no pet.)
(mem. op.) (“A decision rendered on an issue before an appellate court does not
absolutely bar reconsideration of the same issue on a second appeal.  Application
of the doctrine lies within the discretion of the court, depending on the particular
circumstances surrounding that case.”).





[3]
We note that in order to avoid the running of the two-year statute of
limitations, a party claiming a state health care liability cause of action
should file his claim in state court within the prescribed time, even if the
party also has a federal claim.