

# NUMBER 13-10-00035-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ANTHONY B. MENA,                                                     Appellant,

v.

DR. PAUL LENZ,                                                          Appellee.

---

## On appeal from the 445th District Court
## of Cameron County, Texas.

---

## OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Opinion on Rehearing by Chief Justice Valdez**

After considering appellant, Anthony B. Mena's, motion for rehearing, we deny the motion; however, we withdraw our opinion and judgment of March 17, 2011, and substitute the following.

Mena challenges the trial court's summary judgment in favor of appellee, Dr. Paul Lenz, M.D. By three issues, Mena contends that the trial court erred in granting

summary judgment because: (1) section 16.064 of the Texas Civil Practices and Remedies Code tolls the statute of limitations, and Dr. Lenz failed to negate tolling; (2) section 74.251(a) of the Texas Civil Practices and Remedies Code "must be harmonized with 28 U.S.C. § 1367(d)"; and (3) section 74.251(a) "violates the Texas Constitution's Open Courts doctrine as applied to Mena." We affirm.

## I. BACKGROUND

On March 24, 2005, Mena filed a section 1983 lawsuit against Dr. Lenz in the United States District Court for the Southern District of Texas. *See generally* 42 U.S.C. § 1983. Mena then added "a state-law medical malpractice claim under [s]ection 74 of the Texas Civil Practice and Remedies Code." The federal court dismissed Mena's section 1983 cause of action and then on May 17, 2007, as recognized by Mena in his original petition, the federal court dismissed Mena's section 74.251(a) claim for want of jurisdiction. One day later, on May 18, 2007, Mena filed his health care liability lawsuit against Dr. Lenz in state court.

In his petition, Mena claimed that he sustained an injury to his arm when he was arrested on April 30, 2003. According to Mena, while he was incarcerated from April 30, 2003 until October 2003, he did not receive adequate and timely medical treatment for the injury to his arm, which led to permanent damage. Mena alleged that Dr. Lenz, as the director of the jail during that time period, failed to perform his duties within the proper standard of care.

On June 30, 2009, Dr. Lenz filed a traditional motion for summary judgment claiming that Mena's cause of action was barred by the statute of limitations pursuant to

2

section 74.251(a) of the Texas Civil Practice and Remedies Code.[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2005).  In his response, Mena did not dispute that he filed his case in state court outside of 74.251(a)'s limitations period; however, he argued that he did timely file his cause of action in federal court and the statute of limitations should be tolled pursuant to section 16.064 of the Texas Civil Practice and Remedies Code.  *See id.* § 16.064 (West 2008).

The trial court granted Dr. Lenz's traditional motion for summary judgment on October 5, 2009, on the basis that section "74.251(a) . . . does not list [section] 16.064 . . . as an exception to the 2 year limitation."  This appeal followed.

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

We review the granting of a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.).  In a traditional motion for summary judgment, the movant has the burden to establish that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.  *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing TEX. R. CIV. P. 166a(c)); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  "[W]e take as true all evidence favorable to the non[-]movant, and we indulge every reasonable inference and resolve any doubts in the non[-]movant's favor."  *Valence Operating Co.*, 164 S.W.3d at 661.

---

[1] We note that the trial court had previously granted summary judgment in favor of Dr. Lenz on the basis that Mena had failed to exercise due diligence in serving him with citation.  After concluding that Mena raised a fact issue regarding his due diligence in serving Dr. Lenz, this Court reversed the trial court's summary judgment.  *See Mena v. Lenz*, No. 13-08-00137-CV, 2009 Tex. App. LEXIS 1585, at *16 (Tex. App.—Corpus Christi Mar. 5, 2009, no pet.) (mem. op.) ("*Mena I*").

3

A defendant seeking summary judgment on the basis that the statute of limitations has expired must establish the defense as a matter of law. *Shah v. Moss*, 67 S.W.3d 836, 849 (Tex. 2001); *Diaz v. Westphal*, 941 S.W.2d 96, 97-98 (Tex. 1997). "To satisfy this burden, the defendant must conclusively negate any relevant tolling doctrines the plaintiff asserted in the trial court." *Diaz*, 941 S.W.2d at 98.

Section 74.251(a), entitled "Statute of Limitations on Health Care Liability Claims," states:

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). "Additionally, section 74.002(a) contains a general conflict-of-law provision that states '[i]n the event of a conflict between [chapter 74] and another law, including a rule of procedure or evidence or court rule, [chapter 74] controls to the extent of the conflict.'" *Molinet v. Kimbrell*, 54 Tex. Sup. J. 491, No. 09-0544, 2011 Tex. LEXIS 68, at *8 (Tex. Jan. 21, 2011) (citing TEX. CIV. PRAC. & REM. CODE ANN § 74.002(a) (West 2005)). Section 16.064(a) states:

> (a)    The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> > (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
> >
> > (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

4

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.064.

## II.    COMPLIANCE WITH SECTION 74.251(A)

By a sub-issue to his first issue, Mena asserts, without citation to authority, that "all statutory prerequisites are met" because he "commenced" his lawsuit within the two-year statute of limitations by filing his suit in federal court. Therefore, Mena argues that Dr. Lenz "failed to conclusively establish limitations." We disagree.

When a federal court dismisses a cause of action due to lack of jurisdiction, the plaintiff must still file his lawsuit in state court within the limitations period or show that a tolling provision applies. *Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ) (explaining that when the federal court dismissed the plaintiff's claims, the plaintiff who later filed her claims of false arrest, false imprisonment, and malicious prosecution in state court outside the applicable limitations period proved that a tolling statute applied); *see Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F. Supp. 859, 871 (E.D. Tex. 1996) (declining to exercise supplemental jurisdiction over the plaintiff's DTPA and breach of contract state claims and concluding that the statute of limitations will be considered tolled pursuant to section 16.064 between the date of filing in federal court and the date of refiling in state court, provided refiling is accomplished within sixty days of federal court dismissal) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.064); *see also Ruiz v. Austin Indep. Sch. Dist.*, No. 03-02-00798-CV, 2004 Tex. App. LEXIS 4725, at *12 (Tex. App.—Austin May 27, 2004, no pet.) (mem. op.) (stating that the plaintiffs filed their second lawsuit in state court seventy-nine days after a federal

court dismissed their first lawsuit; therefore, the plaintiffs' defamation cause of action was barred by the statute of limitations, even with the benefit of section 16.064's tolling provision); *Martinez v. City of Brownsville*, No. 13-00-00425-CV, 2001 Tex. App. LEXIS 6131, at *11 (Tex. App.—Corpus Christi Aug. 31, 2001, pet. denied) (mem. op.) (setting out that the plaintiff had sixty days after the federal court dismissed his case to file his Texas Tort Claims Act claim in state court because the statute of limitations had been tolled pursuant to section 16.064). It is undisputed that Mena failed to file his claim in state court within the two-year statute of limitations. Therefore, even though Mena filed his claim in federal court within the two-year statute of limitations, Mena's state claim was untimely, unless a tolling provision applied. *See Vale*, 809 S.W.2d at 327; *see also Youngblood Group*, 932 F. Supp. at 871; *Ruiz*, 2004 Tex. App. LEXIS 4725, at *12 ; *Martinez*, 2001 Tex. App. LEXIS 6131, at *11. We overrule Mena's first sub-issue.

### III.    TOLLING THE STATUTE OF LIMITATIONS

By his first issue, Mena argues that section 16.064 tolls section 74.251(a)'s limitations period for sixty days. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064, 74.251(a). Mena further argues that his state claim was timely because he filed it one day after the federal court dismissed his cause of action. Dr. Lenz responds that section 74.251(a) has an absolute statute of limitations that cannot be circumvented by section 16.064's tolling provision.

No other court has specifically determined whether section 16.064's tolling provision applies to section 74.251(a)'s statute of limitations. However, the San Antonio Court of Appeals in *Kimbrell v. Molinet* addressed whether 33.004(e) tolled 74.251(a)'s

6

statute of limitations.  288 S.W.3d 464, 466-67 (Tex. App.—San Antonio 2009), *aff'd*,

2011 Tex. LEXIS 68, at *24.  Section 33.004(e) states:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

Tex. Civ. Prac. & Rem. Code Ann. § 33.004(e) (West 2008).  The San Antonio Court of

Appeals concluded that section 74.251(a)'s statute of limitations could not be tolled

because it imposes an absolute two-year limitations period on health care liability

claims.  *Kimbrell*, 288 S.W.3d at 468.  The court reasoned that "74.051(a)'s use of the

phrase 'notwithstanding any other law' . . . unequivocally expresses the Legislature's

intent for section 74.251 to govern when its limitations period conflicts with other laws."

*Id.* at 467.  The court reversed the trial court's denial of the defendants' motion for

summary judgment and rendered judgment dismissing the plaintiff's claims against the

defendants.  *Id.* at 468.

The Texas Supreme Court affirmed the court of appeals judgment.  *Molinet*, 2011

Tex. LEXIS 68, at *24.  In its majority opinion, the Texas Supreme Court stated:

> [C]hapter 74's language reflects legislative intent for section 74.251(a) to be the controlling statute . . . .  First, section 74.251(a) explicitly states that "notwithstanding any other law" a health care liability claim must be commenced within two years after "the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." Second, section 74.002(a) provides "in the event of a conflict between [chapter 74] and another law, including a rule of procedure or evidence or court rule, [chapter 74] controls to the extent of the conflict."

*Id.* at **13-14 (internal citations omitted); *see* Tex. Civ. Prac. & Rem. Code Ann. §

74.002.

7

By stating "notwithstanding any other law," section 74.251(a) unequivocally reflects that the legislature intended the statute of limitations to be absolute. *See Kimbrell*, 288 S.W.3d at 467; *see also Timmons v. Univ. Med. Ctr.*, 2011 Tex. App. LEXIS 463, at \*9 (Tex. App.—Amarillo Jan. 21, 2011, no pet. h.) ("[W]e understand 'any other law' to mean any other law that impacts the timing or operation of section 74.251."). Furthermore, section 74.002 states that chapter 74 controls if another law conflicts with it. *See Molinet*, 2011 Tex. LEXIS 68, at \*16 (concluding that both section 74.251(a) and section 74.002 "evidence clear legislative intent that the two year statute of limitations in section 74.251(a) applies [to the plaintiff's claims against the defendants] notwithstanding section 33.004(e)"). Accordingly, we conclude that section 74.251(a) controls and section 16.064 does not toll the statute of limitations in Mena's health care liability claim.[2] *See id.* at \*24. *Kimbrell*, 288 S.W.3d at 468; *see also Chilkewitz v. Hyson*, 22 S.W.3d 825, 829-30 (Tex. 1999) (stating that section 10.01's— the former statute of limitations applying to health care liability claims—language "[n]otwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort . . ."

---

[2] In two sentences in his brief, without citation to authority, Mena claims that this Court has already "determined that section 16.064(a) suspended the limitations period of section 74.251(a)" and that ruling is the law of the case. *See* TEX. R. APP. P. 38.1(i). However, the issue in *Mena I* was "whether the summary judgment evidence show[ed] conclusively that Mena's counsel failed to exercise due diligence in serving Dr. Lenz with citation." 2009 Tex. App. LEXIS 1585, at \*10. This Court concluded that "Mena raised a fact issue as to diligence, and Dr. Lenz failed to meet his burden to conclusively show that Mena's counsel's efforts were insufficient." *Id.* at \*16. We did not decide whether section 16.064 tolls 74.251(a)'s statute of limitations. Therefore, we disagree with Mena that the law of the case doctrine applies. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) ("The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages."); *see also Pisharodi v. Barrash*, No. 13-05-744-CV, 2007 Tex. App. LEXIS 7583, at \*7 (Tex. App.—Corpus Christi Sept. 20, 2007, no pet.) (mem. op.) ("A decision rendered on an issue before an appellate court does not absolutely bar reconsideration of the same issue on a second appeal. Application of the doctrine lies within the discretion of the court, depending on the particular circumstances surrounding that case.").

showed that "the legislature unequivocally expressed its intent that, when the time limitations of section 10.01 conflict with another law, section 10.01 governs") (internal quotations omitted).

It is undisputed that Mena filed his health care liability claim in state court outside 74.251(a)'s two-year limitations period. Moreover, Dr. Lenz conclusively negated Mena's assertion that section 16.064 tolls the statute of limitation in a health care liability claim. *See Diaz*, 941 S.W.2d at 98. Therefore, because no tolling provision applied, Dr. Lenz established his statute of limitations defense and his entitlement to summary judgment as a matter of law. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Diaz*, 941 S.W.2d at 98. We overrule Mena's first issue.[3]

### IV. PRESERVATION

By his second issue, Mena alleges that his claim was timely filed because section 1367(d) of the United States Code "provides for a minimum of thirty days in which to re-file pendant state law claims dismissed in federal court"—or, in other words, section 1367(d) preempts section 74.251(a)'s statute of limitations. By his third issue, Mena asserts that section 74.251(a) violates the Texas Constitution's Open Courts Doctrine.

Rule 166a(c) of the Texas Rules of Civil Procedure provides that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for [reversing summary judgment]." TEX. R. CIV. P. 166a(c). Therefore, "[t]he non-movant must expressly present to the trial court,

---

[3] We note that in order to avoid the running of the two-year statute of limitations, a party claiming a state health care liability cause of action should file his claim in state court within the prescribed time, even if the party also has a federal claim.

9

by written answer or response, any issues defeating the movant's entitlement." - *McConnell v. Southside Independent School Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *Shih v. Tamisiea*, 306 S.W.3d 939, 944 (Tex. App.—Dallas 2010, no pet.); *see Clear Creek Basin Auth.*, 589 S.W.2d at 678 ("[T]he non-movant may not urge on appeal as reason for reversal of the summary judgment any and every new ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing.").

Here, Mena did not present to the trial court any written answer or response stating that section 1367(d) of the United States Code preempts section 74.251(a) or that section 74.251(a) violates the Open Courts Doctrine. Therefore, we may not consider these grounds on appeal. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d at 222 ("A litigant must raise an open-courts challenge in the trial court."); *McConnell*, 858 S.W.2d at 343 (explaining that summary judgment motions and responses, or answers to those motions, must stand or fall on the grounds expressly presented to the trial court); *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *TrueStar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 321 (Tex. App.—Dallas 2010, no pet.) (refusing to review non-movant's grounds for avoiding movant's summary judgment that had not been presented to the trial court); *Shih*, 306 S.W.3d at 944 ("[E]xcept to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court in a written answer or response to the motion any reason for avoiding the movant's entitlement to summary judgment."); *see also Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 426 (Tex. 2005) (per curiam) (stating that federal preemption is generally an affirmative defense to suit); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ("If the party opposing a summary judgment relies on an

10

affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment."); *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 268 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (providing that an affirmative defense that is not pleaded or proved and on which findings are not obtained is waived) (citing Tex. R. Civ. P. 94 (setting out that affirmative defenses must be pled); *In re C. M.*, 996 S.W.2d 269, 270 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (explaining that an affirmative defense seeks to establish an independent reason that the party should not recover and is therefore a defense of avoidance)); *Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 194 (Tex. App.—Dallas 2000, pet. dism'd w.o.j) ("Preemption is an affirmative defense."). We overrule Mena's second and third issues.

## V. CONCLUSION

We affirm.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
16th day of June, 2011.

11